48 CCPA

**LEVER BROTHERS COMPANY,**
Appellant,

v.

**PRODUCERS CHEMICAL SERVICE**
(Petroleum Specialty Company, Assignee, Substituted), Appellee.

Patent Appeal No. 6565.

United States Court of Customs and Patent Appeals.

Nov. 17, 1960.

Spencer A. Studwell, New York City, for appellant.

Diggins & LeBlanc, Robert E. LeBlanc, Donald R. Dunner, Washington, D. C. (Bartholomew A. Diggins, Washington, D. C., of counsel), for appellee.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

SMITH, Judge.

This is an appeal from a decision of the Assistant Commissioner of Patents

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge*

O'CONNELL, pursuant to provisions of Section 294(d), Title 28, United States Code.

(120 USPQ 402) affirming a decision of the Examiner of Interferences, which dismissed an opposition brought by Lever Brothers Company against an application by Producers Chemical Service (Petroleum Specialty Company, Assignee, Substituted), for the registration of "Shux" as a trademark for Toilet, Laundry, and Industrial Cleaners in the form of Liquids, Solids, Pastes and Powders. Applicant claimed use of the mark "Shux" since July 18, 1955, and was adjudged entitled to the registration.

The opposition is based on appellant's well-known trademark "Lux" used for soap flakes, toilet soap and liquid detergent. "Lux" was first used and registered by appellant for soap flakes in the year 1900 and has been used in its business continuously since that date.

The original opinions in this case were rendered on July 13, 1960. Appellant filed a petition for rehearing on August 25, 1960 and a "Supplemental Statement" on October 3, 1960. Appellee's brief in opposition to appellant's petition for rehearing was filed October 12, 1960.

In accordance with our usual practice, our former opinions were withheld from formal publication. They are hereby withdrawn and replaced by the present opinion.

The sole issue here is whether there is any likelihood of purchaser confusion by the concurrent use of the marks "Shux" and "Lux" on the goods of the respective parties.

From our study of the record we find that it supports the Assistant Commissioner's statement that:

"The products of the parties are alike in that they remove dirt, but they are specifically quite different. Opposer's products are (a) a toilet soap, (b) a mild soap flakes for washing innumerable commodities in water and (c) a mild detergent for washing innumerable commodities in water. Applicant's product is a hand cleaner for use with or without water for removing grease, paint, tar, grime, ink and carbon black."

We also agree with the Assistant Commissioner in her comparison of the two marks in their entireties:

"The marks are alike only in that they rhyme. Applicant's mark is an obvious misspelling of 'shucks,' an ordinary English word which might, as reasoned by applicant, suggest that the cleaner bearing the mark 'shucks,' or 'removes' or 'strips' the dirt, grime, ink or grease from the hands of the user; or it might suggest the exclamation 'Shucks!' often used to express disappointment."

Further support for the view taken by the Assistant Commissioner is found in Webster's New International Dictionary, 2nd Edition, Unabridged, 1954, which contains the following significant definitions:

"Shucks, interj.: An exclamation expressing contempt or disappointment; pshaw! slang, U. S.

"shuck, v.

"1. to strip off the shucks, or husks, as to shuck nuts, corn, etc.

"2. to remove (oysters) from the shell.

"3. to remove; to turn (out); to lay aside or discard. Colloq.

Appellee's mark "Shux" being but a phonetic spelling of the common word "shucks," has its own definite and distinctive meanings which, in the mind of the potential purchaser, would clearly distinguish it from the word "Lux."

Since we can see no likelihood of the marks "Lux" and "Shux" being confused by a potential purchaser, the decision of the Assistant Commissioner is affirmed.

Affirmed.