**ARMCO STEEL CORPORATION,**
Plaintiff,

v.

**INTERNATIONAL ARMAMENT CORPORATION**
and
**Interarmco, Limited, Defendants.**

**Civ. A. Nos. 244–62, 3204–65.**

United States District Court
District of Columbia.

Jan. 11, 1966.

Joseph P. Tumulty, Jr., Washington, D. C., John W. Melville, Yungblut, Melville, Strasser & Foster, Cincinnati, Ohio, for plaintiff.

John J. Byrne, Robillard & Byrne, Washington, D. C., Horst H. Werder, Chicago, Ill., Philip A. Ryan, Washington, D. C., for defendants.

JACKSON, District Judge.

Civil Action No. 244–62 is a suit for trademark infringement and unfair competition, under common law and the Lanham Act (15 U.S.C. § 1051 et seq.), in which plaintiff claims that the adoption and use by the corporate defendants of the name "INTERARMCO" as a trademark, trade name, and corporate name, constitutes trademark infringement and unfair competition in relation to plaintiff's trademark, trade name, and corporate name "ARMCO".

Plaintiff is an Ohio corporation incorporated in 1917 under the name "The American Rolling Mill Company" as the successor to a New Jersey corporation of the same name incorporated in 1899. Plaintiff's corporate name was changed to "Armco Steel Corp." in 1948. The former co-plaintiff, The Armco International Corp., was an Ohio corporation incorporated in 1924 by plaintiff, and it was a wholly owned subsidiary of the latter continuously until merger into plaintiff in 1962 as the Armco International Division of Armco Steel Corporation. Plaintiff is one of the major integrated steel producers in the United States.

Defendants International Armament Corp. and Interarmco, Ltd. are corporations which were incorporated in Delaware in 1953 and 1957, respectively. Both corporations maintain offices and warehouses at 10 Prince Street, Alexandria, Virginia, and both are engaged in doing business in the District of Columbia. Defendant Interarmco, Ltd. is a wholly owned subsidiary of defendant International Armament Corp.

Samuel Cummings, originally joined as a codefendant in the action, is a United States citizen and a resident of Monte Carlo, Monaco. He is the sole stockholder of International Armament Corp., and has been dismissed from the present action without prejudice, because plaintiff has been unable to serve him with process.

Plaintiff's predecessor in business, The American Rolling Mill Company, adopted the trademark "ARMCO" and registered it in the United States Patent Office in 1910. Plaintiff acquired the trademark and good will pertaining to it from such predecessor, and the same has been in continuous use by the predecessor and plaintiff since 1910.

The trademark "ARMCO" is a coined word derived from the initials of The American Rolling Mill Company. It is, therefore, a distinctive, arbitrary, technical trademark, as opposed to a suggestive or merely descriptive mark. Plaintiff has used its trademark "ARMCO" to identify both its services and its iron and steel products. It has registered a number of marks consisting of, or

containing, the word "ARMCO" in the United States Patent Office, as more fully set forth in the stipulated statement of facts included in the pretrial order of Civil Action No. 244–62.

The present action is for injunctive relief only, the Court having ruled that the questions of damages and accounting for profits are deferred, pending determination of the issues involved herein. Primarily, the issue is defendants' liability for trademark infringement and unfair competition due to future likelihood of confusion of the trademarks "ARMCO" and "INTERARMCO", as applied to plaintiff's and defendants' goods, respectively.

On December 30, 1958, defendant Interarmco, Ltd. registered in the Patent Office a picture trademark, Registration No. 671,690, which includes *inter alia* flags, cannons, crossed rifles and pistols and the word "INTERARMCO". Plaintiff had no actual knowledge of the application for, or proceedings to register, this mark. As part of its relief in Civil Action No. 244–62 plaintiff seeks an order of the Court requiring cancellation of said trademark registration upon the ground of infringement of plaintiff's trademark, trade names and corporate names "ARMCO" and "ARMCO INTERNATIONAL".

Defendant International Armament Corporation first adopted the word "INTERARMCO" in March, 1953 as its cable address. It gradually became common practice for customers to shorten the lengthy corporate name "International Armament Corporation" to "INTERARMCO". The parent corporation itself began to adopt this practice, and when the parent corporation decided in 1957 to create a wholly owned subsidiary corporation, this new corporation was named "Interarmco, Ltd." in order to identify the new corporation with the parent International Armament Corporation.

Defendants are not manufacturers or fabricators of iron or steel products. Unlike plaintiff, their business has been restricted to buying and reconditioning for sale small arms and other used military equipment, and also the sale of new small arms and ammunition therefor. Defendants use the trademark "INTERARMCO" primarily to identify pistols, revolvers and rifles, the trademark being applied to the goods, cartons and crates in which the goods and ammunition therefor are distributed.

While Civil Action No. 244–62 was pending in this Court, defendant Interarmco, Ltd. filed in the U. S. Patent Office an application for registration of the trademark "INTERARMCO" for pistols, revolvers, rifles and ammunition therefor. This application, Serial No. 153,483, was published in the Patent Office Official Gazette on October 13, 1963. Plaintiff promptly filed a notice of opposition to such application in the Patent Office. A voluminous record was established in the Patent Office in the opposition proceeding, No. 43,598, and on November 16, 1965 the Trademark Trial and Appeal Board rendered a unanimous opinion, including Findings of Fact and Conclusions of Law, to the effect that there was a likelihood of confusion of the trademarks "ARMCO" and "INTERARMCO" as applied to plaintiff's and defendants' goods, respectively.

On January 3, 1966, this Court issued a supplementary pretrial order in order to supplement the original pretrial order of September 16, 1965 by adding thereto the pertinent facts concerning this unanimous decision of the Trademark Trial and Appeal Board in favor of plaintiff on the fundamental issue of likelihood of confusion. Defendant Interarmco, Ltd. filed a separate Civil Action No. 3204–65 in this Court, pursuant to the provisions of 15 U.S.C. § 1071(b), contesting the decision of the Trademark Trial and Appeal Board in opposition No. 43,598. Counsel for both the plaintiff and defendants in Civil Action No. 244–62 proposed to the Court the consolidation for trial of both civil actions No. 244–62 and 3204–65. Since the fundamental issue in both cases is whether there is a future likelihood of confusion of the trademarks "ARMCO" and "INTERARMCO", as

applied to plaintiff's and defendants' goods, respectively, the Court agreed to the consolidation.

■ On the morning of the first day of trial of the consolidated actions, after the opposing counsels' opening statements and a reading of a stipulated statement of facts into the record, the Court indicated an intention to rule as a matter of law that there was a future likelihood of confusion, and that the Trademark Trial and Appeal Board was entirely correct in its conclusion of law to this effect.

Even if defendants successfully proved all of the seven items set forth in the summary of defendants' trial brief, the Court would still hold that there is such a likelihood of confusion that would give rise to liability for trademark infringement and unfair competition. These seven items will now briefly be analyzed:

■ 1. The fact that the marks are different does not alter the situation that plaintiff's technical trademark "ARMCO", which is the senior mark, has been completely incorporated in defendants' trademark "INTERARMCO", and "is not so merged therein as to lose its separable significance of 'ARMCO' per se", as found by the Trademark Trial and Appeal Board.

2. The fact that the goods sold by defendants, namely, small arms and ammunition therefor, are different from plaintiff's iron and steel products does not alter the situation that defendants' weapons are primarily made of steel, as found by the Trademark Trial and Appeal Board. It is not difficult to foresee that a person encountering one of defendants' rifles of foreign manufacture in sporting goods departments of large retail chain stores such as Montgomery Ward and Sears Roebuck (two of defendants' principal customers) would be likely to be confused into believing that either the raw material steel or the fabricated metal components for such a rifle were manufactured by plaintiff Armco Steel Corporation and sold by its Armco International Division to the foreign weapons manufacturer for conversion into the finished product rifle which ultimately came to defendants for reconditioning, if necessary, and sale to retail chain stores. Furthermore, plaintiff has a history of having manufactured and sold components associated with heavy weapons, such as gun tubes, and gun turrets, especially in wartime.

The Court is of the opinion that defendants cannot make a valid distinction between heavy weapons and small arms due to the circumstances of this case. The two defendant corporations are interrelated as parent and wholly owned subsidiary, and parent International Armament Corporation sells such heavy weapons as cannons, mortars, bazookas, and antitank rifles and guns. Also, defendant Interarmco, Ltd.'s registered trademark No. 671,690 for "small arms" clearly shows a picture of two cannons, which are heavy weapons. Lastly, in military terminology "small arms" includes .30 caliber light machine guns, which cannot be regarded as sporting or target practice weapons.

3. The facts that plaintiff's and defendants' goods pass through different channels of trade and that defendants' direct customers, i. e., retail chain stores, may not be confused as to the source or origin of defendants' goods does not alter the situation that the ultimate consumers are likely to be confused into mistakenly believing that the steel components of defendants' small arms originated with plaintiff, especially its Armco International Division. Such confusion could be extremely detrimental to plaintiff's good name. For example, it is not unforeseeable that the barrel of a defectively manufactured rifle may explode and kill or maim the person firing the rifle. Also, while there is no evidence that defendants sell their foreign manufactured rifles by mail order, the general public may not be aware of this and may unjustly associate defendants directly and the plaintiff indirectly with the sale of reconditioned foreign rifles of the type

used in the 1963 assassination of President Kennedy. Another example of reasonably foreseeable injury to plaintiff's good reputation lies in the fact that the parent International Armament Corporation reconditions and sells antitank guns of the type used in a recent widely publicized Brinks vault robbery.

The general public may not be so willing to make the sharp factual distinction that neither of the defendants sold the particular weapon, the vendor of the antitank gun in fact being another corporation which is also located on Prince Street in Alexandria, Virginia, like both corporate defendants.

4. The fact that there has been no past actual confusion since defendants adopted the name "INTERARMCO" in 1953, even if proved, would not alter the Court's conclusion that there is such a future likelihood of confusion that an injunction to prevent such confusion should be issued immediately.

While substantial past actual confusion gives rise to an inference of future likelihood of confusion, the absence of proof of past actual confusion does not logically lead to a conclusion of future unlikelihood of confusion. This is due in part to the strong possibility that many of defendants' ultimate consumers may actually have been confused in the past as to the source or origin of defendants' goods without their bringing this to the attention of either plaintiff or defendants.

5. The fact that there has been no actual competition between the parties in the sale of small arms and ammunition therefor does not preclude a conclusion that defendants are unfairly competing with plaintiff by using the confusingly similar name "INTERARMCO". It is a well-established principle that the law of trademarks in general, and trademark infringement in particular, is but a part of the broader law of unfair competition. Thus, wherever trademarks and the goods to which they are applied are so interrelated that there would be a reasonably foreseeable likelihood of confusion as to source or origin, as in the present case, there is liability for trademark infringement and, therefore, unfair competition between the parties.

6. The fact that defendants adopted the trademark and corporate name "INTERARMCO" in good faith and without deceptive intent, even if proved, would not alter the fact that the defendants are still liable for trademark infringement. Registered trademarks, like patents, can be and often are innocently infringed. Registration of the mark "ARMCO" on the principal register is constructive notice of plaintiff's claim of ownership thereof under 15 U.S.C. § 1072. While infringing intent, or the lack thereof, is definitely a factor to be considered in determining whether the money damages awarded for trademark infringement should be punitive, compensatory, or merely nominal, intent is not a factor to be considered in determining the basic issue of liability for trademark infringement by defendants. Both parties will have ample opportunity to introduce evidence as to infringing intent, or lack thereof, in subsequent proceedings to determine the amount of money damages to be awarded to plaintiff, if any.

7. Defendants also contend that plaintiff's trademark "ARMCO" cannot demand great breadth in the field of arms. If plaintiff were primarily an armament company like the two corporate defendants, there would be some merit to this contention. However, plaintiff is not primarily an armament company, but it is rather a typical steel company and only incidentally an armament company, especially in its normal peacetime activities. Since the Trademark Trial and Appeal Board found that plaintiff's trademark "ARMCO" is "an arbitrary and technical trademark", a finding with which the Court is in full accord, plaintiff's trademark is entitled to a broad scope of protection, unlike the relatively narrow scope of protection ac-

corded a suggestive or merely descriptive mark such as "INTERARMCO".

When the Court indicated at the outset of trial, after the opening statements of opposing counsel, an intention to rule in favor of plaintiff as a matter of law on the fundamental issue of likelihood of confusion, counsel for defendants requested an opportunity to file a memorandum of law which might show the Court's position in denying defendants a full trial on the issue of future likelihood of confusion to be legally incorrect. In their memorandum of law defendants cited five cases, none of which altered the Court's decision on the merits in this case, namely:

A. Pomeroy v. Pennsylvania R. R., 96 U.S.App.D.C. 128, 223 F.2d 593 (1955) for the general proposition that the present case is not in a posture for either a directed verdict on opening statement or for summary judgment on the issue of defendants' liability for trademark infringement and unfair competition. The Court notes that even Pomeroy was a 2–1 decision with a separate dissenting opinion by Judge Miller. Also in Pomeroy the fundamental issue was whether something had taken place in the past, i. e., whether the defendant had been guilty of actionable negligence. The present case is not concerned with whether there has been any actual confusion in the past so much as it is concerned with whether there is likely to be confusion in the future, which necessarily is a matter of at least some conjecture and speculation. More importantly, in Pomeroy there had been no findings of fact by the jury, let alone conclusions of law based on these findings by the trial court. However, in the present consolidated suit the Court has the benefit of a decision by the Patent Office Trademark Trial and Appeal Board, a tribunal which is particularly expert in deciding the issue of future likelihood of trademark confusion, and which has actually decided that exact issue in favor of plaintiff in this action, including in its opinion findings of fact based on the voluminous record established during the Patent Office proceedings in opposition No. 43,598.

B. As for Albert Dickinson Company v. Mellos Peanut Co., 179 F.2d 265 (C.A. 7, 1950), this Court notes that the Seventh Circuit rendered its decision against the alleged infringer (defendants here) and stated that "the ultimate determination of the likelihood of consumer confusion as to source has been held to be a question of fact." While the issue of future likelihood of confusion would logically appear to be either a question of law or a mixed question of law and fact, if it is true that the issue is a question of fact as stated by the Seventh Circuit, then this Court cannot reverse the decision of the Trademark Trial and Appeal Board in opposition No. 43,598 unless defendants could show that the decision was clearly erroneous. To the contrary, the Court is of the opinion that the Board decision was clearly correct.

C. As for the Court of Customs and Patent Appeals decision in Intercontinental Mfg. Co. v. Continental Motors Corp., 230 F.2d 621, 43 CCPA 841 (1956), the Court notes that both trademarks "INTERCONTINENTAL" and "CONTINENTAL" are geographical words, which traditionally are accorded a relatively narrow scope of protection in comparison with the broad scope of protection accorded an arbitrary, technical trademark such as plaintiff's "ARMCO".

D. With regard to the Court of Customs and Patent Appeals affirmance of the Trademark Trial and Appeal Board in Bendix Aviation Corporation v. Ardor Manufacturing Company, 331 F.2d 903, 51 CCPA 1355 (1964), concerning the unlikelihood of confusion between the trademarks "BENDIX" and "BENDIT", the Court notes the statement in the CCPA Opinion that "BENDIX" was "originally a proper name". Proper names, like geographical words, are suggestive or merely descriptive, and are therefore not entitled to the broad scope of protection accorded to coined, arbitrary, technical trademarks. An appropriate analogy would be the corporate

name of the Eastman Kodak Co. The surname "EASTMAN", like the surname "BENDIX", is not entitled to a wide scope of protection. On the other hand, the arbitrary, technical trademark "KODAK" is entitled to a broad scope of protection. Plaintiff's corporate name and trademark "ARMCO" is viewed by the Court as being more analogous to "KODAK" than to either of the surnames "EASTMAN" or "BENDIX".

E. The final decision cited by defendants in their memorandum of law, namely, the Court of Customs and Patent Appeals decision in Crown Overall Mfg. Co. v. Desmonds's, 182 F.2d 645, 57 CCPA 1118; 86 U.S.P.Q. 166 (1950), is not persuasive due to the factual distinction that, while no one would be likely to be confused into believing that "CROWN" overalls are used in the manufacture of "FLEXI-CROWN" military caps, there is, on the other hand, a strong likelihood of confusing the ultimate consumers of defendants' "INTERARMCO" rifles, pistols and revolvers, especially those of foreign make, into mistakenly believing that these weapons are composed of "ARMCO" steel manufactured by plaintiff and sold to foreign weapons manufacturers by plaintiff's Armco International Division.

For the above reasons, the Court concludes as a matter of law that defendants' corporate name and trademark "INTERARMCO" is confusingly similar to plaintiff's corporate name and trademark "ARMCO", and that the ultimate consumers of defendants' goods are likely to be confused into mistakenly believing that the source or origin of the metal components of these goods was either plaintiff Armco Steel Corporation, or its Armco International Division, or both. Therefore, the Court holds that the defendants are liable for trademark infringement and for unfair competition due to their use of the name "INTERARMCO" to the extent that an injunction should immediately be issued to prevent future use of the name by defendants.

 While plaintiff properly should have opposed defendants' registration No. 671,690 shortly after application Serial No. 42,879 was published in the Patent Office Official Gazette on October 14, 1958, the Court holds that plaintiff is not guilty of laches under 15 U.S.C. § 1069 for such failure to promptly oppose due to the fact that the published and registered mark is primarily a picture mark, and the word "INTERARMCO" is present only in relatively small letters, the middle part of the word being obscured by a star cluster at the top of the picture mark so that the presence of the word is not immediately apparent upon inspection of the published and registered mark.

 Since registration No. 671,690, issued to defendant Interarmco, Ltd., nevertheless includes the confusingly similar word "INTERARMCO", the Court will order this registration, or at least the infringing portion thereof, to be cancelled as part of the relief granted to plaintiff.

Since the Court holds that the decision of the Trademark Trial and Appeal Board in opposition No. 43,598 on the issue of future likelihood of confusion is correct as a matter of law, the Complaint in consolidated Civil Action No. 3204–65 is dismissed with prejudice.

Plaintiff's prayers for an accounting of profits, money damages, counsel fees, costs and other relief are reserved pending further hearings and order of this Court.

This Opinion contains Findings of Fact and Conclusions of Law, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.