**Application of P. FERRERO and C. S. p. A.**

**Patent Appeal No. 8963.**

United States Court of Customs and Patent Appeals.

June 21, 1973.

Rehearing Denied Aug. 16, 1973.

Almond, Senior Judge, filed a dissenting opinion, and Baldwin and Lane, JJ., concurred in the result.

G. Franklin Rothwell, Washington, D. C. (Sughrue, Rothwell, Mion, Zinn & Macpeak, Washington, D. C.), for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. R. V. Lupo, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, and LANE, Judges, and ALMOND, Senior Judge.

RICH, Judge.

 This appeal is from the decision of the Trademark Trial and Appeal Board, abstracted at 168 USPQ 448 (1970), affirming the examiner's refusal to allow appellant's application serial No. 332,592, filed July 15, 1969, to register the word mark "TIC TAC" for "Candy," because of likelihood of confusion with the prior registered word mark "TIC TAC TOE," registration No. 809,357, issued May 31, 1966, for "ice cream and sherbet." The application is based on an Italian registration. The statutory basis for the examiner's refusal to register and the board's affirmation was likelihood of confusion, mistake, or deception under section 2(d) of the Trademark Act of 1946 (15 U.S.C. § 1052(d)). We reverse.

Appellant contended below, and in essence here, that differences in sound, appearance, and meaning of the marks, combined with the differences in the goods to which the marks are applied, would preclude any likelihood of confusion, etc.

In affirming the rejection, the board said:

> When the marks are compared, it is obvious that they are similar in sound and appearance since applicant's mark comprises the first two thirds of the mark of the cited registration. In addition, both marks are completely arbitrary in nature as applied to the food products involved and, additionally, "TIC TAC" may well call to mind the well known game "tick tack toe", of which the mark of the registration is the phonetic equivalent.

Upon review of the record, we are constrained to disagree with the board's reasoning. It appears to have regarded only the marks, without their significance, and the broad goods descriptions, without the relation of the marks to the goods.

The real significance of Borden's mark TIC TAC TOE appears from the specimens filed to obtain the registration. As is well known, the Tic Tac Toe game is played on 9 squares. Borden's ice cream, presumed to be sold under the specimen label, has a particular relation

to the meaning of the word mark, as may be observed in the following illustration:

[A7560]

Not only are the letters of the mark arranged TIC TAC TOE fashion with vertical and horizontal lines between them as in the game but the product is so formed of different colors of ice cream as to produce checkerboard squares when sliced. The mark is thus tied to the product and in this sense the mark is far from "arbitrary," as the board said it was. TIC TAC TOE is a trademark which also designates product type; it is not *only* an indication of origin. TIC TAC TOE ice cream is a particular kind of ice cream configuration and it seems most unlikely that the owner of that mark would apply it to other goods or that purchasers would expect the mark, or any variant thereof to be applied to different goods, such as candy.

Neither is appellant's mark TIC TAC "completely arbitrary," as the board said; it is a dictionary term meaning a repetitive sound as of ticking, tapping, or the like as well as a device used to produce such a sound, and that is the sound of appellant's hard mint candies, which are about 10 x 15 mm. in size with rounded-ends, rattling in their plastic boxes.

■ We feel that the board has made too much of the indisputable fact that TIC TAC is two-thirds of TIC TAC TOE and that TIC TAC would "bring to mind" TIC TAC TOE. Neither fact determines the issue of likelihood of confusion. See our opinion in In re General Electric Co., 304 F.2d 688, 49 CCPA 1186 (1962) in which we held VULKENE registrable over VULCAN. The fact that one mark may bring another mark to mind does not in itself establish likelihood of confusion as to source. Compare Lever Brothers Co. v. Producers Chemical Service, 283 F.2d 879, 48 CCPA 744 (1960). The very fact of calling to mind may indicate that the mind is distinguishing, rather than being confused by, two marks. In *Lever Brothers* we unanimously found SHUX registrable over LUX for like goods (off-the-shelf soap products) while fully conscious of the fact that purchasers seeing or hearing SHUX would almost certainly *think* of LUX—and at the same instant realize the distinction. Seeing a yellow traffic light immediately "calls to mind" the green that has gone and the red that is to come, or vice versa; that does not mean that confusion is being caused. As we are conditioned, it means exactly the opposite.

The different marks before us applied to the different goods here, notwithstanding the fact that such goods *might* both emanate from a single source, are not, in our judgment likely to cause confusion as to source, or to cause mistake, or to deceive.

The decision of the board is *reversed*.

Reversed.

BALDWIN and LANE, JJ., concur in result.

ALMOND, Senior Judge (dissenting).

With all due respect, I cannot agree with the decision of the majority.

The opinion supporting that decision has stressed that in actual use the TIC TAC TOE trademark is applied to multi-flavored ice cream in which the different flavors are formed in blocks and packaged to create a pattern similar to that of a tick tack toe game. Presumably this ties the trademark so closely to the manner in which the ice cream is packaged that TIC TAC TOE ceases to be an arbitrary mark for the product.

I cannot agree with this approach. The question of likelihood of confusion must be considered in light of the registered mark and there is nothing in that registration which precludes the owner from using any packaging scheme it desires. Furthermore, I believe the majority engages in unwarranted speculation when it suggests that it is unlikely that the owner of TIC TAC TOE would apply its mark to other products. For all the record reveals, the mark might very well be used with other goods.

The majority has also placed too much emphasis on the relationship between appellant's mark TIC TAC and the sound of the candy in the package. In the first place, I seriously doubt that the sound the candy makes is so well imitated by the mark that this association would be made by a purchaser. Secondly, there is nothing which would preclude appellant from packaging its candy in a manner which would not "rattle."

From the standpoint of the market place and the class of purchasers, I find it difficult to draw a viable distinction between candy and ice cream. Both are confections which appeal to similar tastes and are offered and displayed by vendors with a common appeal to the purchasing public. In view of these similarities and the resemblance between TIC TAC and TIC TAC TOE, as pointed out by the board, it is my view that a likelihood of confusion as to source is a likely result if the marks are used concurrently. I would affirm the board's decision.