**MASTERPIECE OF PENNSYLVANIA, INC., Plaintiff,**

v.

**CONSOLIDATED NOVELTY CO., Defendant.**

No. 73 Civ. 2693.

United States District Court,
S. D. New York.

Nov. 27, 1973.

was commenced on June 15, 1973. The case comes before this Court only with respect to the alleged trademark infringement on plaintiff's motions for a preliminary injunction under Fed.R.Civ. P. 65 and 15 U.S.C. § 1116. Plaintiff also moves pursuant to Fed.R.Civ.P. 56, for a partial summary judgment. Plaintiff, Masterpiece of Pennsylvania, Inc. ("Masterpiece"), is in the business of manufacturing and selling artificial Christmas trees and shrubbery and since March 1970 has marketed artificial trees under the trademark, "Mountain King," and the related marks, "Traditional Mountain King" and "Giant Mountain King." The defendant, Consolidated Novelty Co. ("Consolidated"), subsequent to Masterpiece's use of the trademark "Mountain King" began advertising and selling its artificial trees under the marks "Alpine King," "Traditional Alpine King," and "Giant Alpine King." Specifically, plaintiff seeks preliminarily to enjoin the defendant and its agents from further selling, distributing, or advertising any artificial trees using the words "Alpine King," or any other word or trademark deceptively similar or likely to cause confusion with plaintiff's trademark, "Mountain King." Plaintiff also seeks summary judgment on the issue of the alleged trademark infringement. There is jurisdiction under 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121.

■ In March, 1970 plaintiff adopted and used "Mountain King" as a trademark on artificial Christmas trees which were transported in interstate commerce.[1] The defendant's mark is used in advertising similar material[2] and appears in its price lists and catalogs. The products of both parties are sold in the same channels of trade, and appear in some of the same stores, where they are offered to the same potential customers. Plaintiff's registra-

Sandoe, Hopgood & Calimafde, New York City, for plaintiff; Paul H. Blaustein, Francis J. Murphy, New York City, of counsel.

Gottlieb, Rackman & Reisman, New York City, for defendant.

GURFEIN, District Judge:

This is an action for patent infringement and trademark infringement which

---

[1]. Federal Trademark Registration No. 966,187 was issued to Masterpiece on August 14, 1973, for the trademark "Mountain King" for artificial trees and shrubbery in Class 50.

[2]. The trees themselves do differ in their construction. Consolidated's Christmas tree utilizes a hinge device while Masterpiece employs a method, under which it is necessary to hook and unhook the branches of the tree.

tion of the trademark, "Mountain King," for artificial trees is presumptively valid. Aluminum Fabricating Co. of Pittsburgh v. Season-All Window Corp., 259 F.2d 314, 316 (2 Cir. 1958), 15 U.S.C. § 1057(b). The plaintiff has done extensive advertising and promotion of its marks, and with its parent company will have spent $170,365.80 for such purposes by the end of 1973. For the years 1971 through 1973 to date, it has sold about seven million dollars worth of its artificial trees under the "Mountain King" trademark. The plaintiff also contends that its product is of high quality, and protected by a valid patent. U.S. Patent No. 3,594,260. The plaintiff alleges that defendant's use of its marks causes confusion and constitutes a violation of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114.[3]

■ A classic definition of the kinds of similarity that can lead to confusion was stated in Northam Warren Corp. v. Universal Cosmetic Co., 18 F.2d 774, 775 (7 Cir. 1927):

"Whether there is infringement of a trademark does not depend upon the use of identical words, nor on the question as to whether they are so similar that a person looking at one would be deceived into the belief that it was the other; but it is sufficient if one adopts a trade-name or trademark so like another in form, spelling, or sound that one, with a not very definite or clear recollection of the real trademark, is likely to be confused or misled."

Indeed, similarity of sound, appearance or meaning may be sufficient to warrant a finding of confusion, Cluett Peabody & Co. v. Wright, 46 F.2d 711 (Cust. & Pat.App.1931), just as where the last words of two marks are identical. Stamford Foundry Co. v. Thatcher Fur-

nace Co., 200 F. 324 (S.D.N.Y.1912) ("Shipmate" found to infringe "Messmate"); Smith v. Clyde Collins, Inc., 101 U.S.P.Q. 447 (D.C.Tenn.1954) ("Eat-Um-Aid" found to be confusingly similar to "Lik-M-Aid," where the package dress was similar); International Postal Supply Co. v. Pitney-Bowes Postage Meter Co., 38 F.2d 692 (Cust. & Pat.App.1930) ("Seal-O-Meter" found to infringe "Mail-O-Meter"); American Lead Pencil Co. v. L. Gottlieb & Sons, 181 F. 178, 180 (S.D.N.Y.1910). Cf. Mem Company, Inc. v. Hes Company, Inc., 149 U.S.P.Q. 8 (D.C.Cal.1966) ("London Leather" found to infringe "English Leather"); Burstein v. Seven-Up Company, 111 F.2d 903, 27 C.C.Pa. 1202 (1940) ("Hy-Up" found to infringe "Seven Up"). The use of different words with similar meaning may also tend to confuse. Hancock v. American Steel & Wire Co. of New Jersey, 203 F. 2d 737, 40 C.C.Pa. 931 (1953) ("Tornado" found confusingly similar to "Cyclone"); S. C. Johnson & Son, Inc. v. Drop Dead Co., Inc., 210 F.Supp. 816 (D.C.Cal.1962) ("Promise" infringed "Pledge"—label imitated). Cf. Florence Manufacturing Co. v. J. C. Dowd and Company, 178 F. 73 (2 Cir. 1910 "Sta-Kleen" infringed "Keepclean").

■ It is well established that one who adopts a mark similar to the mark of another for closely related goods acts at his own peril, and any doubt concerning the similarity of the marks must be resolved against him. United Merchants and Manufacturers v. R. A. Products, Inc., 404 F.2d 399 (Cust. & Pat. App. 1968).

Both the plaintiff and defendant are active in the highly competitive business of manufacturing and selling artificial trees, and, since they are direct competitors, each of these companies must be aware of the products of the other. It

3. "Any person who shall, without the consent of the registrant (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant for the remedies hereinafter provided."

is a fair inference that when the defendant adopted a similar mark, it intended to capitalize on the plaintiff's reputation and to appropriate its good will.

While defendant concedes its use of "Alpine King" and the related marks, it argues that the utilization of these terms has only been minimal and that in fact its trademark, "Magic Hinge" [4] has been stressed in its product's promotion to emphasize its unique structual design and thereby to *distinguish* its trees from those of its competitors. The defendant also offers to consent to a preliminary injunction to take effect in January, 1974, after this Christmas season.

■ Most of the artificial trees of the type sold under the "Mountain King" trademark are sold during the months of November and December since these trees are primarily used as Christmas trees. I believe the circumstances warrant injunctive relief. It is clear that unless a preliminary injunction is granted to prevent the defendant from advertising and selling under the "Alpine King" mark, the plaintiff will be irreparably injured by the loss of sales during the Christmas season— which sales cannot be recouped at other times during the year. I find that the plaintiff has met the heavy burden of demonstrating a combination of probable success and irreparable injury. Checker Motors Corp. v. Chrysler Corp., 405 F.2d 319, 323 (2 Cir. 1969). The defendant has itself to blame for not being able to use its supply of catalogs printed with the infringing marks. Since there will be sufficient time for an evidentiary hearing on the permanent injunction before the 1974 Christmas Season rolls around, summary judgment will be denied. See Marcus Breier Sons, Inc. v. Marvlo Fabrics, Inc., 173 F.2d 29 (2 Cir. 1949). While I believe that the plaintiff has established that it is likely to succeed on the merits, I think that its proof of actual confusion or the likelihood of confusion should be proved by evidence at a trial.

The foregoing constitutes findings of fact and conclusions of law, pursuant to Fed.R.Civ.P. 52(a).

A preliminary injunction will issue. Plaintiff's motion for summary judgment is denied.

Submit order on five days notice.

---

4. Consolidated filed a trademark application for the term, "Magic Hinge," in the United States Patent Office on May 22, 1973. This mark is prominently displayed in all of Consolidated's promotional material for this tree.