**MARQUIS WHO'S WHO, INC., Plaintiff,**

v.

**NORTH AMERICAN ADVERTISING ASSOCIATES, INC., et al., Defendants.**

**Civ. A. No. 75–0768.**

United States District Court,
District of Columbia.

Dec. 1, 1976.

---

Edward J. McKie, Jr., Washington, D. C., for plaintiff.

Frank Adamson, Blairsville, Ga., for defendants.

Clarence B. Carson, pro se.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This is an action for trademark infringement and unfair competition arising under common law and the Federal Trademark Act of 1946, 60 Stat. 427, 15 U.S.C. § 1051 *et seq.* This matter is presently before the Court on Plaintiff's Motion for Summary Judgment on the claim for trademark infringement. The basic question presented by the Motion is whether Defendants' use of the title WHO'S WHO IN THE UNITED STATES and the trade name "Who's Who Honorary Society of America" has violated the Lanham Act and infringed the registered trademark under which Plaintiff publishes, distributes and sells biographical dictionaries. For the reasons discussed below, this Court has reached the conclusion that there is no genuine issue as to any

material fact and that Plaintiff is entitled to judgment as a matter of law.

## PARTIES AND PLEADINGS

■ Plaintiff is a Delaware corporation and since 1899, Plaintiff and its predecessors have been continuously engaged in the publication, distribution and sale of a biographical dictionary identified by the title and trademark WHO'S WHO IN AMERICA. Plaintiff's trademark has been duly registered and renewed in the United States Patent Office since 1940.[1]

Defendant, North American Advertising Associates, Inc. is a Georgia corporation having as its only business the proposed publication of a national biographical dictionary to be entitled WHO'S WHO IN THE UNITED STATES. This business is conducted under the trade name of Defendant "Who's Who Honorary Society of America," an unincorporated division of North American with offices in the District of Columbia. Incidental to publication of the biographical dictionary, Defendants offer for sale various prestige or ego items, including plaques, coaster sets and utility boxes, all of which identify the purchaser as a biographee of WHO'S WHO IN THE UNITED STATES.

Defendants began soliciting biographees for listing in their dictionary in November, 1974, despite objections from Plaintiff to Defendants' use of the title WHO'S WHO IN THE UNITED STATES and the trade name "Who's Who Honorary Society of America." Defendants included in their mailings a disclaimer of association with Plaintiff, saying that their publication was "not to be confused with ITT's Marquis Who's Who, or any other biographical dictionary."

■ Plaintiff filed the instant action on May 13, 1975. Defendants moved to dis-

---

1. At the outset, this Court is satisfied that Plaintiff's trademark is valid. 15 U.S.C. § 1057(b) provides that a certificate of registration is prima facie evidence of the validity of the registration, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the mark in commerce. See also *Venetianaire Corp. of America v. A & P Import*

*Co.*, 302 F.Supp. 156, 157 (S.D.N.Y.1969) *aff'd*, 429 F.2d 1079 (2d Cir. 1970). While Plaintiff's mark might be considered descriptive, a mere suggestive connotation does not prevent a term from being a valid trademark and entitled to protection. *Union Carbide Corp. v. Ever-Ready, Inc.*, 531 F.2d 366, 378 (7th Cir. 1976); *Venetianaire Corp., supra*, at 158.

miss for lack of personal jurisdiction and for improper venue. The Court denied these motions by separate orders dated July 15, 1975, and September 17, 1975.[2] On October 10, 1975, the Court issued a preliminary injunction restraining the Defendants from using the trade name "Who's Who Honorary Society of America," the title WHO'S WHO IN THE UNITED STATES, or any other colorable imitation of Plaintiff's trademark WHO'S WHO IN AMERICA on or in connection with the advertising, sale or marketing of biographical dictionaries or directories.

## LAW OF INFRINGEMENT

Whenever trademarks and the goods to which they are applied are so interrelated that there would be a reasonably foreseeable likelihood of confusion as to the source or origin, there is liability for infringement. 15 U.S.C. § 1114(1)(a); *Armco Steel Corp. v. International Armament Corp.*, 249 F.Supp. 954, 959 (D.D.C.1966). While the existence of confusing similarity is usually a question of fact, it is well-settled that the issue is one for the Court to decide through its own analysis, comparison and judgment. The question is generally treated as a question of law and is appropriate for summary adjudication. *Venetianaire Corp. of America v. A & P Import Co.*, 302 F.Supp. 156, 158 (S.D.N.Y.1969), aff'd 429 F.2d 1079 (2d Cir. 1970); *Armco Steel, supra*, at 960–961.

Among the factors to be considered in determining whether a likelihood of confusion exists are the degree of similarity between the competing marks in appearance and suggestion, the intent of the actor in adopting his designation, the relation in use and manner of marketing between the goods marketed by the parties involved, and the degree of care likely to be exercised by purchasers. *Chips 'N Twigs, Inc. v. Chip-Chip, Ltd.*, 414 F.Supp. 1003, 1013–1014 (E.D.Pa.1976). The degree of similarity between Plaintiff's mark and Defendants' mark is very close, both in appearance and suggestion.[3] Defendants were aware of Plaintiff's mark when their title was chosen and their intent in choosing that title appears to have been to trade upon Plaintiff's established reputation and goodwill.[4] Both Plaintiff's publication and Defendants' proposed publication are national biographical dictionaries directed to essentially the same market and marketed in essentially the same manner. Furthermore, it is unlikely that the general buying

---

**2.** In their brief, Defendants again challenge jurisdiction and venue. There appears to this Court no good reason to reconsider this Court's earlier rulings that jurisdiction and venue are proper here. These rulings have become the law of the case and are binding upon all parties. *Compania Maritima del Nervion v. Amerop Commodities Corp.*, 237 F.Supp. 73, 77 (E.D. La.1964).

**3.** Defendants have appropriated the essence of Plaintiff's mark (the phrase "Who's Who") in its entirety. As to the fact that Defendants' publication refers to the "United States" and not "America," it is well-established that the use of different words with similar meaning may tend to confuse. *Masterpiece of Pennsylvania v. Consolidated Novelty Co.*, 368 F.Supp. 550, 552 (S.D.N.Y.1973). Nor are Defendants saved from infringement by differences between the two dictionaries as to size, numbers of volumes, color of bindings and style of print. While individual features may be different, the total effect may be one of similarity. *Chips 'N Twigs, Inc., supra*, at 1015. Thus dissimilarities in size, form or color between the products

are not conclusive against infringement where, as here, a substantial part of the trademark is imitated. *La Maur, Inc. v. Revlon, Inc.*, 245 F.Supp. 839, 845 (D.Minn.1965).

**4.** While infringing intent or lack thereof is not normally to be considered in determining the basic issue of liability, the actor's intent in adopting a similar mark can be an important factor in determining whether or not likelihood of confusion exists. *Chips 'N Twigs, Inc., supra*, at 1015, fn. 8. When the evidence suggests that another's name was adopted deliberately with a view to obtain some advantage from the goodwill, good name and good trade which another has built up, then the inference of likelihood of confusion is readily drawn. *Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 613 (7th Cir. 1965); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149, 158 (9th Cir. 1963). Further, it is settled that one who adopts a mark similar to the mark of another for closely related goods acts at his peril and any doubt there might be as to infringement must be resolved against him. *Coca-Cola Co. v. Cahill*, 350 F.Supp. 1231, 1235

public will exercise much care in attempting to discern between these apparently similar products.[5]

▉ Thus, it is the determination of this Court that Defendants' use of the title WHO'S WHO IN THE UNITED STATES and the trade name "Who's Who Honorary Society of America" constitutes an infringement upon Plaintiff's registered trademark.

Accordingly, it is by the Court this 1st day of December, 1976,

ORDERED, that Plaintiff's Motion for Summary Judgment be and it is hereby GRANTED; and it is

FURTHER ORDERED, that Defendants, their officers, agents, servants, employees, attorneys, successors and assigns, and all others in privity or acting in concert therewith, be permanently restrained and enjoined from:

(a) using the trade name "Who's Who Honorary Society of America," the title WHO'S WHO IN THE UNITED STATES, or any other colorable imitation of Plaintiff's trademark WHO'S WHO IN AMERICA on or in connection with the advertising, sale or marketing of biographical directories or dictionaries;

(b) making any statements or representation which would cause the public to believe, contrary to fact, that Defendants' biographical directories are sponsored, approved, or endorsed by or are otherwise connected or affiliated with Plaintiff; and

(c) otherwise infringing Plaintiff's registered trademark WHO'S WHO IN AMERICA, Registration No. 378,389.

(W.D.Okl.1972); *Masterpiece of Pennsylvania, supra*, at 552.

**5.** The factual test which the Court applies in determining the likelihood of confusion is not that of a careful and discriminating purchaser, but that of an ordinary and casual buyer, or perhaps even an ignorant, inexperienced and gullible purchaser. *Volkswagenwerk Aktiengesellschaft v. Tatum*, 344 F.Supp. 235, 237 (S.D.Fla.1972); *Tisch Hotels, Inc., supra*, at 614. In considering whether the public is likely to be confused, the Court may look to evidence of actual confusion. *Roto-Rooter Corp. v.*

It is FURTHER ORDERED, that pursuant to § 36 of the Trademark Act of 1946, 15 U.S.C. § 1118, Defendants are to deliver up for destruction all advertisements, labels, signs, prints, packages, wrappers, receptacles, and all other materials in the possession of or under the control of Defendants bearing the trade name "Who's Who Honorary Society of America," the title WHO'S WHO IN THE UNITED STATES, or any other reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademark WHO'S WHO IN AMERICA, and all plates, molds, matrices and other means of making or duplicating the same; and it is

FURTHER ORDERED, that Plaintiff's claim for damages and for an accounting of Defendants' profits is DISMISSED.

*O'Neal*, 513 F.2d 44, 46 (5th Cir. 1975); *Armco Steel, supra*, at 959. Thus the probability of confusion arising from Defendants' adoption of the marks in dispute is evidenced by the instances of actual confusion set out in the record (see the affidavit of Kenneth H. Petchenik which accompanied Plaintiff's motion). Nor is this Court satisfied that the use of a disclaimer by the Defendants is sufficient to eliminate this likelihood of confusion. *Boston Professional Hockey Association v. Dallas Cap and Emblem Mfg., Inc.*, 510 F.2d 1004, 1013 (5th Cir. 1975).